*Alassane-N'Diaye v. Garland*

BIA
Baumgarten, IJ
A201 756 202

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty-four.

PRESENT:
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MOUSSA ALASSANE-N'DIAYE,
> *Petitioner,*

> v.                                                               **21-6557**
>                                                                  **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Murray D. Hilts, Law Offices of Murray D. Hilts, San Diego, CA.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Virginia Lum, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Moussa Alassane-N'Diaye, a native and citizen of Mauritania, seeks review of a May 6, 2021, decision of the BIA affirming an April 16, 2020, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Moussa Alassane-N'Diaye*, No. A201 756 202 (B.I.A. May 6, 2021), *aff'g* No. A201 756 202 (Immigr. Ct. Buffalo Apr. 16, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable

2

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on inconsistencies in Alassane-N'Diaye's statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Alassane-N'Diaye gave precise dates in his application and testimony and was inconsistent as to when he left Mauritania. During the IJ hearing, he initially testified that he left Mauritania for

3

Senegal on September 30, 2019. But his initial written declaration stated that he left Mauritania a year earlier, on September 30, 2018. When confronted with the discrepancy, he repeated that he left Mauritania for Senegal on September 30, 2019; but, when the IJ pointed out that he had been in U.S. immigration custody since June 2019, he reverted to the September 2018 date. Later, when asked why his initial I-589 application stated he left Mauritania on July 30, 2018, he changed dates again and said he left on June 30, 2018. The IJ was not required to accept his explanation that he meant to say September 30, 2018. *See Majidi v. Gonzales* 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *see also Biao Yang v. Gonzales*, 496 F.3d 268, 272 (2d Cir. 2007) (upholding adverse credibility determination when applicant "appeared to be simply making up testimony when confronted by inconsistencies" (quotation marks omitted)).

Next, the IJ reasonably relied on Alassane-N'Diaye's failure to respond to certain questions. "[A] trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . ." 8 U.S.C.

4

§ 1158(b)(1)(B)(iii). We generally defer to such findings because an IJ "is in the best position to discern . . . whether a witness . . . was . . . attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'; and whether inconsistent responses are the product of innocent error or intentional falsehood." *Majidi*, 430 F.3d at 81 n.1 (quotation marks omitted). And the record supports the IJ's finding. For example, when asked when his employer threatened to kill him, Alassane-N'Diaye was initially nonresponsive, and eventually said he could not give a date or even a timeframe for the threat because he is uneducated and bad with dates. The IJ reasonably rejected this explanation because Alassane-N'Diaye had confirmed that he understood the interpreter and he gave exact dates for other events. *Id*. at 80. The IJ reasonably inferred that the ability to give some precise dates and not others indicated that Alassane-N'Diaye had memorized a limited number of dates and details. *Id*. at 81 n.1; *see also Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("So long as there is a basis in the evidence for a challenged inference, we do not question whether a different inference was available or more likely.").

Finally, the IJ reasonably found that Alassane-N'Diaye failed to rehabilitate his testimony with corroborating evidence. "An applicant's failure to corroborate

5

his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang*, 496 F.3d at 273. Alassane-N'Diaye had no documentary evidence to corroborate his allegations of past harm, despite his application and testimony mentioning numerous family members and friends who helped him escape from his employers and could corroborate his experiences.

In sum, given the inconsistent testimony as to when he left Mauritania, the lack of responsiveness and appearance that he was testifying from a script rather than experience, and the lack of corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Biao Yang*, 496 F.3d at 273; *Majidi*, 430 F.3d at 81 n.1. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all forms of relief are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76. Thus, we do not reach Alassane-N'Diaye's challenges to the IJ's alternative findings. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a

general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

While Alassane-N'Diaye argues that he faces a risk of torture by White Mauritanians more generally because he is a Black Mauritanian, he did not provide argument or evidence to support that claim on appeal to the BIA, and he does not acknowledge or challenge the BIA's conclusion that he failed to meaningfully argue a CAT claim. As the unaddressed waiver finding is the only issue before us, we do not further address his allegation that he has a CAT claim independent of credibility. *See Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) ("Where the agency properly applies its own waiver rule . . . we will not permit an end around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review" and "review is limited to whether the BIA erred in deeming the argument waived." (cleaned up)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7